## Case No. 16,556.

UNITED STATES v. TWELVE THOUSAND THREE HUNDRED AND FORTY-SEVEN BAGS OF SUGAR.

[Nowhere reported: opinion not now accessible.]

## Case No. 16,557.

UNITED STATES v. TWENTY BARRELS OF DISTILLED SPIRITS.

[6 Int. Rev. Rec. 141.]

District Court, S. D. New York. Oct., 1867.

INTERNAL REVENUE ACT—FORFEITURE—PAT OF INFORMER.

[The share of an informer in the proceeds of forfeited spirits should be fixed by the law in force at the time of the payment of the proceeds into the registry and the submission of the proofs as to the informer, and not by that subsequently adopted.]

In the matter of the United States against twenty barrels of distilled spirits, before BENEDICT, District Judge, being an application for an order to fix the informer's share in the proceeds of the spirits forfeited under the revenue law. The question was discussed as to the effect of the recent circular of the secretary of the treasury, affecting the informer's rate and the power of the secretary therein; but THE COURT did not pass upon the question: It held that the proceeds of the forfeiture having been paid into the registry prior to the issuing of the treasury circular of Sept. 2, 1867, and the proofs as to the informer having been also submitted prior to that date. it is unnecessary to consider the questions raised as to the construction and validity of the circular, inasmuch as no prejudice should be allowed to result from the delay of the court in signing the order of distribution, but the same should be considered as if made at the time of the submission of the case. The order will, therefore, follow the rule heretofore laid down by this court under regulation of Aug. 14, 1866.

---

UNITED STATES v. TWENTY BARRELS OF DISTILLED SPIRITS. See Case No. 15,946.

---

## Case No. 16,558.

UNITED STATES v. TWENTY BARRELS OF DISTILLED SPIRITS.

[9 Int. Rev. Rec. 4.]

District Court, S. D. New York. Dec. 28, 1868.

INTERNAL REVENUE—ILLICIT DISTILLING—FORFEITURES—INNOCENT MORTGAGEE.

[Forfeitures for fraudulent distilling extend to the interest of a mortgagee, even if ignorant of the frauds.]

In the case of the United States against twenty barrels of spirits found at a distillery in Fortieth street, between First and Second avenues, the government witness, Revenue Inspector Craig, testified that on the 20th of April last, he was the inspector of the district in which the distillery was located, and early in the morning of that day he went to the distillery and discovered that the superintendent and workman employed on the premises had by some means effected an entrance into the receiving-room and were drawing off spirits from that room into a secret receiving-tub that was concealed under ground. Upon investigation he found that they had drawn off 580 gallons, and immediately seized the premises. On which the government rested.

It was argued, on the part of the claimant, that he was the mortgagee of the property, and that before the time of the seizure he had in good faith lent money to the owner of the property, and taken a chattel mortgage thereof, upon which there still remains $3.000 due him. That he never had any complicity in or knowledge of the fraud.

Mr. Rollins, Asst. U. S. Dist. Atty.
A. B. Dyett, for claimant.

THE COURT [LLATCHFORD, District Judge] charged the jury that the property became forfeited, if at all, whoever owned it, and that the mortgagee had no other rights than the owner.

Verdict for the government after short absence of the jury.

---

## Case No. 16,559.

UNITED STATES v. TWENTY CASES OF MATCHES.

[2 Biss. 47;[1] 10 Int. Rev. Rec. 95; 2 Am. Law T. Rep. U. S. Cts. 48; 1 Chi. Leg. News, 145.]

District Court, D. Wisconsin. Oct., 1868.

CUSTOMS LAWS—LANDING WITHOUT PERMIT—FORFEITURES—INFORMATION.

1. Goods landed without a permit from the proper collector, and naval officer, if any, are subject to forfeiture to the United States.

2. It is no defence that the unlading was without the knowledge or consent of the owner or consignee; that it was at an intermediate port and not at the port of destination; and that it was an unlawful act on the part of the master. The forfeiture attaches upon the unlawful unlading, wherever that may be.

3. The facts that these goods were the production of the United States, and simply transported through a foreign country, and were exempt from duty and that all the laws and regulations relating to such transit had been strictly complied with, does not remove the necessity of procuring a permit.

4. The information is well brought under the 50th section of the act of March 2, 1799 [1 Stat. 665].

Information for violation of the revenue law.

J. B. D. Cogswell, U. S. Dist. Atty.
Palmer, Hooker & Pitkin, for respondents.

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]